IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIV. NO. 17-00588 SOM-KSC |
| Plaintiff, | ) ORDER REGARDING NEW CIVIL<br>) INTERPLEADER ACTION; EXHIBITS<br>) 1-8 |
| vs. | ) |
| WALLACE SHIMABUKURO, JR.,<br>BARON McCULLOUGH,<br>BRIAN MEDCALF,<br>JAE UN SHIMABUKURO,<br>MARILEE WEST, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER REGARDING NEW CIVIL INTERPLEADER ACTION**

This legal action commenced on December 13, 2017, in the course of a hearing before this court. The hearing was held in the context of *United States v. Shimabukuro,* Crim. No. 03-00560(4), a case in which a United States Probation Officer seized items from Defendant Wallace Shimabukuro as evidence of a suspected violation of a condition of supervised release. Those items were held by Probation as this court attempted to determine who the rightful owners of the items were. Faced with competing claims by Shimabukuro and others, the court, under the umbrella of the criminal case number, was addressing those claims as civil issues ancillary to the underlying criminal case.

On December 13, 2017, the seized items were transferred in open court from Probation to the United States Marshals Service. The United States Attorney's Office then filed, in open court, the complaint in interpleader, commencing the present

civil case.  The United States Marshals Service, again in open court during the continuing hearing before this court, promptly deposited the seized items with the Clerk of Court.  Moving forward with the competing claims to the seized items, this court will conduct proceedings under the umbrella of the present civil case, no longer under the criminal number.

While civil procedure rules now clearly apply, the goal of the present civil case is the same as the goal of the ancillary proceedings that were being held in the criminal case.  That goal is to determine the rightful owners of the seized property.  Pro se claimants in this civil action should understand that they are listed as Defendants in this civil action only for the purpose of identifying claimants to the seized property.  The United States is not, in this civil action, suing any Defendant for any wrongdoing.

An interpleader complaint such as the one filed in this civil case is simply an action in which the holder of property (in this case, the United States) says that the holder has itself no claim to the property but seeks a court order resolving competing claims to the property.  A court order would protect the holder of the property from mistakenly turning property over to the wrong party or from exposing itself to a lawsuit by the rightful owner for having turned over property to someone else.

To avoid making the parties have to repeat actions taken in the ancillary proceedings in the criminal case, this court attaches to this order certain documents from that case. Attached as Exhibits 1, 2, 3, 4, and 5, respectively, are the Declaration of Wallace Shimabukuro, Jr. (ECF No. 745 in Crim. No. 03-00560 (4)); Declaration of Baron McCullough with Exhibit A (ECF No. 741 in Crim. No. 03-00560 (4)); Declaration of Brian Medcalf (ECF No. 743 in Crim. No. 03-00560 (4)); Declaration of Jae Un Shimabukuro (ECF No. 746 in Crim. No. 03-00560 (4)); and Declaration of Merilee West (ECF No. 748 in Crim. No. 03-00560 (4)). These materials will be treated as claims to the property identified in the declarations, and the declarations are treated as if filed in the present civil action.

Cognizant that four of the five Defendants are representing themselves, this court, in an effort to streamline proceedings, states that Exhibits 1 through 5, attached to this order, are accepted by this court as all claimants' responses to the Complaint. No formal Answer to Complaint needs to be filed, although any Defendant remains free to file a formal Answer to Complaint, or motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, or some other response. Any such filing must comply with the deadlines provided for in the Federal Rules of Civil Procedure. Each Defendant is also free to file any counterclaim, cross-claim, third-party complaint, jury

3

demand, or other material in accordance with (and by the deadline established in) the Federal Rules of Civil Procedure.

Attached as Exhibit 6 are photographs taken by Probation in the criminal case. Probation indicated to the court and the parties in the criminal case that the photographs represented some of the items that Defendant Baron McCullough was claiming in the declaration that is Exhibit 2 to this order. Certain items listed by McCullough could not be located among the items Probation had, not because the items are missing but because McCullough and/or Probation had difficulty culling through the numerous items when photographs were taken, even though McCullough had previously identified the items.

Attached as Exhibit 7 are photographs that go beyond the items identified in the attached Declaration of Baron McCullough. The items in Exhibit 7 were added by McCullough after more thorough review of the seized items. (Representations by Probation in the criminal case were that McCullough was in hospice care and did not have the stamina to spend prolonged periods examining the seized items.) These photographs were not filed in the criminal case but were shared by Probation with the United States and Shimabukuro in the criminal case.

Attached as Exhibit 8 are documents provided by McCullough to Probation in the criminal case. Although not filed

in the criminal case, the documents were shared by Probation with the United States and Shimabukuro in the criminal case.

This court would like to set a schedule in this case that permits early resolution of the disputes among claimants. Toward that end, this court asks the Magistrate Judge to act as soon as allowed by court rules to set a trial date and pretrial deadlines, as well as to establish discovery procedures that are reasonable and that take into account such factors as Shimabukuro's incarceration, McCullough's medical status, and other claimants' circumstances.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 18, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Shimabukuro, et al.
Civ. No. 17-00588 SOM-KSC
ORDER REGARDING NEW CIVIL INTERPLEADER ACTION