```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      ) CIV. NO. 17-00588 SOM-KSC
                               )
        Plaintiff,              ) SUPPLEMENT TO ORDER REGARDING
                               ) NEW CIVIL INTERPLEADER ACTION
          vs.                   )
                               )
WALLACE SHIMABUKURO, JR.,       )
BARON McCULLOUGH,              )
BRIAN MEDCALF,                 )
JAE UN SHIMABUKURO,            )
MARILEE WEST,                  )
                               )
        Defendants.             )
                               )
```

**SUPPLEMENT TO ORDER REGARDING NEW
CIVIL INTERPLEADER ACTION**

This court supplements its Order Regarding New Civil Interpleader Action in four respects.

First, this court clarifies its treatment of Exhibits 6, 7, and 8 of The Order Regarding New Civil Interpleader Action. To the extent Defendant Baron McCullough allows Exhibit 2 (attached to the Order Regarding New Civil Interpleader Action) to serve as his response to the Complaint, this court deems Exhibits 6, 7, and 8 to amend his response, such that his claim is to seized items described and/or photographed in Exhibits 2, 6, 7, and 8.

Second, any other party wishing to amend a response to the Complaint may do so in accordance with the Federal Rules of Civil Procedure.  This court notes that an Answer to a Complaint may, but need not, be filed under penalty of perjury.

Third, this court explains that any party seeking an order determining that that party is entitled to all or some of the seized items should support such a request with admissible evidence. The request may be the subject of a motion for summary judgment, as set forth in Rule 56 of the Federal Rules of Civil Procedure.

In referring to a motion for summary judgment, this court acknowledges that, when this court was considering claims to the seized property in the context of the related criminal case, Defendant Wallace Shimabukuro indicated that he was pursuing his claim under Rule 41(g) of the Federal Rules of Criminal Procedure. That rule provides that, in considering whether to grant a motion complaining about the deprivation of property and seeking the return of seized property, the court "must receive evidence on any factual issue necessary to decide the motion." The only evidence submitted by Wallace Shimabukuro to support any motion under Rule 41(g) of the Federal Rules of Criminal Procedure was the Declaration that is attached as Exhibit 1 to The Order Regarding New Civil Interpleader Action. The court also had before it also McCullough's Declaration claiming items. This court did not rule on the substance of any Rule 41(g) motion and intends to address that substance in the present civil action. Within the time frame set forth in the Federal Rules of Civil Procedure and any Scheduling Order issued

by the court, any party may submit evidence supporting any request and comply with the Federal Rules of Civil Procedure. Had this court ruled on Wallace Shimabukuro's request under Rule 41(g) of the Federal Rules of Criminal Procedure, this court would have required no less evidence before granting any motion for the return of seized items. After all, as noted during proceedings in the related criminal case, Rule 41(g) motions are considered civil in nature. In other words, this court sees no disadvantage to or additional burden on Wallace Shimabukuro or any other party insofar as this court looks to Rule 56 of the Federal Rules of Civil Procedure to resolve any matter raised under Rule 41(g) of the Federal Rules of Criminal Procedure.

Fourth, the parties are encouraged to discuss possible settlement with the Magistrate Judge. At one point during proceedings in the related criminal case, Defendant Wallace Shimabukuro and Defendant Baron McCullough informed the court that they had agreed that McCullough should receive the items described in McCullough's Declaration, attached as Exhibit 2 to the Order Regarding New Civil Interpleader Action, and that McCullough would waive any claim to other items. The court declined to order the delivery of those items to McCullough because other claimants were not parties to that agreement. McCullough thereafter claimed additional items, as depicted in Exhibit 7 to the Order Regarding New Civil Interpleader Action.

This court was informed that Wallace Shimabukuro did not agree that McCullough could receive the additional items.  Further settlement discussion is encouraged.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Shimabukuro, et al.
Civ. No. 17-00588 SOM-KSC
SUPPLEMENT TO ORDER REGARDING NEW CIVIL INTERPLEADER ACTION